**FILED**

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**DEC 29 2011**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS   JAMES W. McCORMACK, CLERK
LITTLE ROCK DIVISION        By:_____ *SAen*
                                               DEP CLERK

ROBERT KOLESAR, AS ATTORNEY
IN FACT FOR VERA KOLESAR                                    **PLAINTIFF**

vs.                    CASE NO. _4:11 cv 915 Sww_

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY (incorrectly named
EVANGELICAL LUTHERAN GOOD SAMARITAN
SOCIETY); THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY d/b/a GOOD SAMARITAN  This case assigned to District Judge _Wright_
SOCIETY - HOT SPRINGS VILLAGE (incorrectly  and to Magistrate Judge_____ _Ray_
named EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY d/b/a GOOD SAMARITAN
CAMPUS HOT SPRINGS); GOOD SAMARITAN SOCIETY
INSURANCE, LTD.; CORRINE WHITE, IN HER CAPACITY AS
ADMINISTRATOR OF GOOD SAMARITAN SOCIETY – HOT
SPRINGS VILLAGE; JOHN DOE I; JOHN DOE II;
JOHN DOE III; JOHN DOE IV; and JOHN DOE V              **DEFENDANTS**

## NOTICE OF REMOVAL

Come Separate Defendants The Evangelical Lutheran Good Samaritan Society and The

Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society - Hot Springs

Village, in support of their Notice of Removal of the above-captioned action to the United States

District Court for the Eastern District of Arkansas, Little Rock Division, from the Circuit Court

of Saline County, Arkansas, respectfully submit as follows:

1.        On December 7, 2011, these Separate Defendants were served with a Summons

and Complaint in the action captioned *Robert Kolesar, as Attorney in Fact for Vera Kolesar v.*

*Evangelical Lutheran Good Samaritan Society; Evangelical Lutheran Good Samaritan Society*

*d/b/a Good Samaritan Campus Hot Springs; Good Samaritan Society Insurance, Ltd.; Corrine*

*White, in her capacity as Administrator of Good Samaritan Society – Hot Springs Village; John*

*Doe I; John Doe II; John Doe III; John Doe IV; and John Doe V*, Circuit Court of Saline,

Arkansas, Case No. 63 CV 2011-887-3. A copy of all pleadings to date are attached hereto as Exhibit "A." No further proceedings have been had therein.

2.      Upon information and belief, at the time of the commencement of this action, and through the present time, Plaintiff is domiciled in and a citizen of Texas.

3.      The Evangelical Lutheran Good Samaritan Society is a not-for-profit North Dakota corporation, with its principal place of business and domicile in South Dakota.

4.      Good Samaritan Society – Hot Springs Village is a fictitious business name for The Evangelical Lutheran Good Samaritan Society and should be disregarded for purposes of citizenship.

5.      Upon information and belief, at the time of the commencement of this action and through the present time, Corinne White is not a resident of Arkansas and has not been served in this matter.

6.      Upon information and belief, Good Samaritan Society Insurance, Ltd. is not domiciled in Arkansas and has not been served in this matter.

7.      For purposes of removal, the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(a).

8.      Due to the fact that Corinne White and Good Samaritan Society Insurance, Ltd. have yet to be served in this matter, their consent to removal is unnecessary at this time. *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1159 (8th Cir. 1981).

9.      Removal of this case is proper pursuant to 28 U.S.C. § 1441 in that this Court has original jurisdiction because diversity of citizenship exists among the parties.

10.     As indicated by Paragraph 117 of Plaintiff's Complaint, Plaintiff intends to seek damages in excess of the minimum jurisdictional requirements for federal court. Accordingly,

Plaintiff's Complaint establishes that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of $75,000.

11.     This action is civil in nature, and this Court has original federal jurisdiction pursuant to 28 U.S.C. § 1332.

12.     As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

13.     This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

14.     Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law.

15.     A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Saline County, Arkansas, as provided by law.

WHEREFORE, Separate Defendants respectfully remove this action from the Circuit Court of Saline County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Little Rock Division.

Respectfully submitted,

R.T. Beard, III (Bar No. 71005)
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
rbeard@mwlaw.com

Attorneys for Separate Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 29th, 2011, I served a copy of this Notice of Removal via first-class U.S. mail, postage prepaid, upon the following

Mr. David A. Hodges
Attorney at Law
212 Center Street, 5th Floor
Little Rock, AR  72201

Mr. Gene Ludwig
Ludwig Law Firm
1 Three Rivers Road
Little Rock, AR  72223

_____
R.T. Beard, III

SALINE COUNTY
CIRCUIT CLERK

**IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS**

2011 NOV 21  PM 3: 42

**ROBERT KOLESAR, AS ATTORNEY
IN FACT FOR VERA KOLESAR**

BY: _____
**PLAINTIFF**

**VS.**           **NO.** ~~cv~~ 63CV-11-887-3

**EVANGELICAL LUTHERAN GOOD SAMARITAN
SOCIETY; EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, D/B/A GOOD SAMARITAN
CAMPUS HOT SPRINGS; GOOD SAMARITAN SOCIETY
INSURANCE, LTD.; CORRINE WHITE, IN HER CAPACITY AS
ADMINISTRATOR OF GOOD SAMARITAN SOCIETY - HOT
SPRINGS VILLAGE; JOHN DOE I; JOHN DOE II;
JOHN DOE III; JOHN DOE I; and JOHN DOE V**           **DEFENDANTS**

## COMPLAINT

### JURISDICTION AND VENUE

1. The Circuit Court of Saline County, Arkansas, has jurisdiction of this case because of the fact the Plaintiffs are seeking damages against the Defendants in this civil proceeding, thereby giving this court jurisdiction under Ark. Const. art. 7, § 11 and Ark. Code Ann. § 16-13-201.

2. The venue for this action is in Saline County, Arkansas, pursuant to the provisions of Ark. Code Ann. § 16-60-112 and Ark. Code Ann. § 16-55-213.

### PARTIES



**EXHIBIT
A**

1



63CV-11-887     631-63100000063-015
ROBERT KOLESAR AIF VERA KOL 49 Pages
SALINE CO        11/21/2011 01:42 PM
CIRCUIT COURT                CC05

3.     Robert Kolesar is the Attorney-in-Fact for Vera Kolesar pursuant to a power of attorney signed by both parties, and brings this action on behalf of Vera Kolesar. Robert Kolesar is the husband of Vera Kolesar.

4.   Defendant Evangelical Lutheran Good Samaritan Society is a foreign non-profit corporation and has appointed as its registered agent for service The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.  At all times material to this action, Defendant was engaged in the business of custodial care of elderly and infirm nursing home residents.

5.   Defendant Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs is a foreign, non-profit corporation and lists its registered agent for service as The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.  At all times material to this action, Defendant was engaged in the business of custodial care of elderly and infirm nursing home residents.

6.   Defendant Good Samaritan Society Insurance, Ltd., is a foreign corporation with its principal place of business on Grand Cayman, Cayman Islands.  Good Samaritan Society Insurance, Ltd., is an insurance company identified as being the primary insurance carrier for the Evangelical Lutheran Good Samaritan Society.   The identification of Good Samaritan Society Insurance, Ltd. (hereinafter "Insurance Company"), is as follows: Good

2

Samaritan Society Insurance, Ltd., c/o Jennifer Burchardt, Aon Insurance Managers (Cayman) Ltd., Post Office Box 69GT, Buckingham Square, 720 West Bay Road, Grand Cayman, Cayman Islands.  Good Samaritan Society Insurance, Ltd., is an insurance company that provides insurance for the Evangelical Lutheran Good Samaritan Society and the Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs and, therefore, Plaintiffs may maintain a direct cause of action against Good Samaritan Society Insurance, Ltd., under Ark. Code Ann. § 23-79-210.   Defendant, Good Samaritan Society Insurance, Ltd., is alleged to be a wholly-owned subsidiary of Defendants, Evangelical Lutheran Good Samaritan Society and Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs (hereinafter "Good Samaritan"), but Plaintiff alleges that their corporate relationship is such that Good Samaritan exercises such control and influence over Good Samaritan Society Insurance, Ltd. that Good Samaritan acts as the "alter ego" of Good Samaritan Society Insurance, Ltd.  Thus, any alleged separate corporate status should be disregarded and Defendants, Good Samaritan and Good Samaritan Society Insurance, Ltd., should be considered one and the same for the purposes of this litigation.

7. Although Defendant, Good Samaritan, is registered as a not-for-profit entity, its business activities and corporate structure are such that its not-for-

3

profit status should be disregarded in that its business activities are not limited to not-for-profit purposes, including, but not limited to, one or more of the following:

a.   Defendant Good Samaritan's charter is not limited to charitable or eleemosynary purposes;

b.   Defendant Good Samaritan's charter does not contain a "not-for-profit" limitation;

c.   Defendant Good Samaritan's goal is to make a profit rather than break even;

d.   Defendant Good Samaritan in fact earned and does earn a profit;

e.   Defendant Good Samaritan does not require that any profit or surplus be used for charitable or eleemosynary purposes;

f.   Defendant Good Samaritan does not depend on contributions and donations for its existence;

g.   Defendant Good Samaritan's does not provide its services free of charge to those unable to pay; and

h.   Defendant Good Samaritan's directors and officers receive compensation.

8.  During her tenure as administrator of Good Samaritan, Corrinne White was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. 42 C.F.R. § 483.75 requires that nursing facilities be administered in a manner that enables them to use resources effectively and efficiently to attain or maintain the highest

4

practicable, physical, mental and psychosocial well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state, and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility.  In fact, the administrator of the facility, appointed by the governing body, is responsible for the management of the facility according to 42 C.F.R. § 483.75(d)(2)(ii). As administrator of Good Samaritan, Corrinne White breached her duties of care to Vera Kolesar.

9. Plaintiff is listing five John Does.  David Hodges, one of the attorneys for the Plaintiffs, has filed an Affidavit as to Unknown Tortfeasors at the time of the filing of the Complaint.  Therefore, Plaintiffs reserve the right to file as to additional parties, and serve those additional parties, who may be additional defendants, pursuant to Ark. Code Ann. § 16-56-125 and other statutes dealing with the John Doe procedure in this state.  Plaintiffs allege that there may be additional defendants, described herein as John Does I through V, who had authority to affect, make, enforce, change, or otherwise implement policies, procedures, budgets, staffing or other aspects of the nursing home including, but not limited to, those which relate or refer to any of the allegations in this Complaint.

5

10. Plaintiffs contend that all of the Defendants jointly and severally participated in the actions, policy making, management, and they exercised the control over all matters which form a basis for the causes of action set forth in this Complaint.  All of the Defendants jointly operated the Good Samaritan Campus Hot Springs facility described herein.

11.  This court has full jurisdiction of the parties and the subject matter hereto, and venue properly lies in Saline County, Arkansas.

## FACTUAL BACKGROUND AND ALLEGATIONS
## COMMON TO ALL COUNTS

12.   Plaintiff contends that all the Defendants jointly and severally participated in the actions, policy making, management, control, and the operation and development of the facility, and they exercised the control over all matters which form a basis of the causes of action set forth in this Complaint. All of the Defendants jointly operated the facility as described herein.

13.   The wrongs complained of herein were of a continuing nature, and occurred throughout Vera Kolesar's stay at Defendants' facility.

14.   Defendants were aware of the systemic problems at Good Samaritan throughout the residency of Vera Kolesar via state surveys and internal documents prepared by Defendants, their agents, and employees,

6

which were available at all levels of Defendants' corporate structure. These failures had a direct impact on the care provided to the residents, including Vera Kolesar.

15.    On all of the occasions complained of herein, Vera Kolesar was under the care, supervision, and treatment of the agents and/or employees of Defendants, and the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

16.    Defendants had vicarious liability for the acts and omissions of all persons or entities under their control, either directly or indirectly, including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of Vera Kolesar.

17.    Defendants are directly liable for the acts and/or omissions contained herein due to the direct control, ownership, and/or management of the operations of Good Samaritan. This exertion of control, ownership, and/or management by the Defendants created a dangerous environment for all residents, including Vera Kolesar.

18.    Defendants were aware of the dangerous environment that was created by their methods of management and/or control at Good Samaritan and the harm caused to the residents, including Vera Kolesar.

19.    Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint, and these Defendants actively took part in such actions.

20.    On February 13, 2009, Vera Kolesar was admitted to Good Samaritan, where she remained a resident until December of 2009.

21.    At the time of her admission Vera Kolesar was no longer competent to handle her own affairs, and her cognitive and physical skills were impaired. As such, she required around the clock nursing home care.  She no longer had the conscious awareness necessary to be able to fully comprehend all of the elements necessary to know that she had been the victim of nursing home negligence and resident rights violations and this condition continued until the end of her residency. As such any applicable statute of limitation was tolled due to her disabilities.

22.    From the time of her admission to Good Samaritan, Defendants began a continuous and substantially uninterrupted course of caring for and treating Vera Kolesar.  The negligence of the Defendants consisted of a series of negligent acts and a continuing course of improper treatment.  As such, the statute of limitations did not commence running until treatment by Defendants ended.

8

23.     Defendants were aware of Vera Kolesar's medical condition and the care she required when they represented that they could adequately care for her needs.

24.     In an effort to ensure that Vera Kolesar and other residents whose care was partially funded by the government were placed at Good Samaritan, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being:

a.     Skilled in the performance of nursing, rehabilitative and other medical support services;

b.     Properly staffed, supervised, and equipped to meet the total needs of their nursing home residents;

c.     Able to specifically meet the total nursing home, medical, and physical therapy needs of Vera Kolesar and other residents like her; and

d.     Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

25.     Defendants failed to discharge their obligations of care to Vera Kolesar with a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Vera Kolesar, as more fully set forth herein. Defendants knew that this facility could not provide the

minimum standard of care to the weak and vulnerable residents of Good Samaritan. The severity of the recurrent negligence inflicted upon Vera Kolesar while under the care of the facility accelerated the deterioration of her health and physical condition and resulted in the physical and emotional injuries described below:

    a.    Numerous falls, resulting in bruising and hospitalizations;

    b.    Poor hygiene, including ants in her bed and room

    c.    Sores under her breasts;

    d.    Pain and suffering; and

    e.    Mental anguish;

All of the above-identified injuries, as well as the conduct specified below, caused Vera Kolesar to lose her personal dignity and to suffer extreme and unnecessary pain, degradation, anguish, otherwise unnecessary hospitalizations and emotional trauma.

    26.    Defendants controlled the operation, planning, management, and quality control of Good Samaritan.  The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by Good Samaritan, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal

services, and financial, tax and accounting control through fiscal policies established by Defendants.

27.     Upon information and belief, Defendants operated and managed Good Samaritan so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their actions caused staffing levels at their facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high nurse/resident ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions. All of these acts of malfeasance directly caused injury to Vera Kolesar and other residents of Good Samaritan and were known to Defendants.

28.     Upon information and belief, the acts and omissions of Defendants were motivated by a desire to increase the profitability of Good Samaritan by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury.

## COUNT I

## NEGLIGENCE AS DEFINED BY THE ARKANSAS MEDICAL

## MALPRACTICE ACT AGAINST ALL DEFENDANTS
## EXCEPT ADMINISTRATOR WHITE

29.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

30.   Defendants owed a non-delegable duty to residents, including Vera Kolesar, to use reasonable care in treating the residents of Good Samaritan with the degree of skill and learning ordinarily possessed and used by nursing home facilities in the same or similar locality.

31.   Defendants owed a non-delegable duty to assist all residents, including Vera Kolesar, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

32.   Defendants failed to meet the applicable standards of care and violated their duty of care to Vera Kolesar through mistreatment, abuse and neglect. Defendants failed to supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Vera Kolesar the requisite care and, as a result, the following negligent acts occurred as set forth in this paragraph. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

    a.   The failure to ensure that Vera Kolesar attained and maintained her highest level of physical, mental, and psychosocial well-being.

12

b. The failure to ensure that Vera Kolesar received the following:
   (1) Timely and accurate care assessments;
   (2) Proper treatment, medication and diet; and
   (3) Necessary supervision.

c. The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Vera Kolesar.

d. The failure to properly assess Vera Kolesar for the risk of development of sores underneath her breasts, and to properly assess and treat the sores once they developed.

e. The failure to provide Vera Kolesar with accurate and appropriate observation and examination for skin breakdown.

f. The failure to provide, implement and ensure adequate nursing care plan revisions and modifications as the needs of Vera Kolesar changed.

g The failure adequately assess Vera Kolesar to prevent her from suffering numerous falls.

h. The failure to provide, implement and ensure an adequate nursing care plan for Vera Kolesar was followed by nursing personnel.

i. The failure to provide care, treatment, and medication in accordance with physician's orders.

j. The failure to provide proper treatment and assessment to Vera Kolesar in order to prevent the injuries set forth herein.

k. The failure to adequately and appropriately monitor Vera Kolesar and recognize significant changes in her health status.

l. The failure to properly and timely notify the attending physician of Vera Kolesar of significant changes in her physical condition, as well as persistent, unresolved problems relating to the care and

13

physical condition of Vera Kolesar causing her needless and unnecessary pain, agony and suffering.

33.    A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Vera Kolesar's injuries, which were all foreseeable to Defendants.

34.    Defendants were negligent and reckless in breaching the duties owed to Vera Kolesar under the Medical Malpractice Act for the reasons specifically enumerated in this Complaint.

35.    As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Vera Kolesar suffered injuries as described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, loss of enjoyment of life, humiliation, and emotional distress in an amount to be determined by the jury and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II

## NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT ADMINISTRATORS WALKER AND PALCULICT

14

36.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs of the Complaint as a part of this count.

37.    Defendants owed a non-delegable duty to residents, including Vera Kolesar, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

38.    Defendants owed a non-delegable duty to residents, including Vera Kolesar, to exercise reasonable care in providing care and services in a safe and beneficial manner.

39.    Defendants owed a non-delegable duty to residents, including Vera Kolesar, to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

40.    Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment, abuse, and neglect of Vera Kolesar. The negligence of Defendants includes, but is not limited to, the following acts and omissions:

a.    The failure to provide a safe environment.

b.    The failure to provide Vera Kolesar with adequate and appropriate hygiene care, including the failure to bathe her daily and after each incontinent episode to prevent urine and fecal contact with her skin for extended and medically unsafe periods of time.

15

c.   The failure to provide Vera Kolesar with adequate and appropriate hygiene care, including the failure to bathe her daily and after each incontinent episode to prevent urine and fecal contact with her skin for extended and medically unsafe periods of time.

d.   The failure to provide clean bed linens to Vera Kolesar to prevent urine and fecal contact for extended periods of time.

e.   The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides to meet the total needs of Vera Kolesar throughout her residency.

f.   The failure to increase the number of nursing personnel at Good Samaritan to ensure that Vera Kolesar:

(1)   Received timely and accurate care assessments;
(2)   Received proper treatment, medication, and diet; and
(3)   Was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

g.   The failure to provide care, treatment and medication in accordance with physician's orders.

h.   The failure to adequately screen, evaluate, and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Good Samaritan.

i.   The failure to terminate employees at Good Samaritan assigned to Vera Kolesar that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of Good Samaritan and the rules and regulations promulgated by the Arkansas Department of Health and Services and the Office of Long Term Care.

j.   The failure to assign nursing personnel at Good Samaritan duties consistent with their education and experience based on:

16

(1)     Vera Kolesar's medical history and condition, nursing, and rehabilitative needs;

(2)     The characteristics of the resident population residing in the area of the facility where Vera Kolesar was a resident; and

(3)     The nursing skills needed to provide care to such resident population.

k.     The failure by the members of the governing body of Good Samaritan to discharge their legal and lawful obligation by ensuring that the rules and regulations designed to protect the health and safety of residents, such as Vera Kolesar, as promulgated by the Arkansas Department of Health and Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis, and ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

l.     The failure to adopt adequate guidelines, polices, and procedures of Good Samaritan for documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care or misconduct by employees at Good Samaritan, regardless of whether such complaint derived from a resident of the facility, an employee of the facility, or any interested person.

m.     The failure to maintain medical records on Vera Kolesar in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to diagnosis, treatment and assessment, and establishment of appropriate care plans of care and treatment.

n.     The failure to properly notify the family of Vera Kolesar of significant changes in her health status.

41.     A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Vera Kolesar.

17

42.    Defendants further breached their duty of care to Vera Kolesar by violating certain laws and regulations in force in the State of Arkansas at the time of the occurrences discussed herein including, but not limited to, the following:

a.    By failing to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, et seq.) and published in the Long Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards imposed by the United States Department of Health and Human Services.

b.    By violating the aforementioned regulations cited in subparagraph a) and including, but not limited to:

(1)    By failing to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Vera Kolesar, in accordance with the comprehensive assessment and plan of care created at Good Samaritan. 42 C.F.R. § 483.25.

(2)    By failing to ensure a nursing care plan based on Vera Kolesar's problems and needs was established that contained measurable objectives and timetables to meet her medical, nursing, and mental and psychosocial needs as identified in her comprehensive assessment. 42 C.F.R. § 483.25.

(3)    By failing to review and revise Vera Kolesar's nursing care plan when her needs changed. 42 C.F.R. § 483.20.

(4)    By failing to treat Vera Kolesar courteously, fairly, and with the fullest measure of dignity. 42 C.F.R. § 483.15(a).

18

(5)     By failing to provide sufficient nursing staff and nursing personnel to ensure that Vera Kolesar attained and maintained her highest practicable physical, mental and psychosocial well-being. 42 C.F.R. § 483.30.

(6)     By failing to notify the family and physician of Vera Kolesar of a need to alter her treatment significantly.  42 C.F.R. § 483.10(b)(11).

(7)     By failing to provide a safe environment.  42 C.F.R. § 483.15(h).

(8)     By failing to administer Good Samaritan in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident.  42 C.F.R. § 483.75.

c.     By violating Ark. Code Ann. §§ 5-28-101 and 5-28-103 by criminally abusing and neglecting Vera Kolesar and by failing to report that abuse in violation of Ark. Code Ann. § 5-28-203.

43.     A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above.  Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Vera Kolesar's injuries, as more specifically as described herein, which were all foreseeable.

44.     As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental

19

anguish, disability, disfigurement, loss of enjoyment of life, humiliation,  and

emotional distress in an amount exceeding that required by federal court

jurisdiction in diversity of citizenship cases to be determined by the jury, plus

costs and all other relief to which Plaintiff is entitled by law.

## COUNT III

## NEGLIGENCE AGAINST ADMINISTRATOR WHITE

45.    Plaintiff re-alleges and incorporates all of the allegations as if set

forth herein.

46.    Upon information and belief, Separate Defendant Corrine White was

the administrator of Good Samaritan during the residency of Vera Kolesar.  To

the extent the names of the licensed administrators who may have managed

this facility during the residency of Vera Kolesar are determined, all of the

following acts are properly attributed to them and Plaintiff will seek leave to

substitute these individuals as proper party Defendants.

47.    As a nursing home administrator, Separate Defendant owed a

common law duty to act as reasonably prudent nursing home administrators

and to prevent all reasonably foreseeable injuries to the residents of Good

Samaritan.

48.    As a nursing home administrator, Separate Defendant had a

common law duty to remain informed as to events occurring at Good Samaritan

through contact with the various departments that they managed, including, but not limited to, nursing, dietary, therapy, housekeeping, social services, and maintenance. Separate Defendant was required under law to be aware of matters occurring at the nursing home and to take affirmative steps to correct problems, particularly when those problems could reasonably cause or contribute to an injury, abuse or neglect to residents of the home.

49.   When Separate Defendant accepted the position of administrator of Good Samaritan she assumed the duties as set forth in the preceding paragraphs.

50.   It is reasonably foreseeable that injuries, abuse and neglect to residents of Good Samaritan, including Vera Kolesar, would occur as a direct result of Separate Defendant's failures to carry out her duties as administrator of the facility.

51.   As a nursing home administrator, Separate Defendant was centrally involved and actively participated in tortious conduct that directly caused or contributed to the injuries of Vera Kolesar. The following areas describe with specificity the wrong-doings of Separate Defendants that resulted in harm to Vera Kolesar:

a.   Staffing

21

(1)     Nursing home residents, including Vera Kolesar, often are unable to care for themselves; thus, they rely on nursing home staff to provide many, if not all, of their activities of daily living (ADL's).   Nursing facilities have a common law duty, as well as a statutory duty, to have sufficient nursing staff to provide for the needs of their residents.

(2)     The administrator is responsible and required to hire and maintain sufficient staff to ensure that these residents' needs are met.   Further, the administrator must establish and maintain proper working relationships with physicians, nurse practitioners, and employees of the facility.

(3)     When the administrator, as here, fails to hire and maintain sufficient staff and fails to maintain proper working relationships between the departments of the facility, the residents do not receive adequate and appropriate care.

(4)     Additionally, when the administrator fails to hire and maintain sufficient staff, the staff who are present are unable to meet the total needs of the residents through no fault of their own.

(5)     When the administrator fails to hire and maintain sufficient staff, those who are present must take shortcuts with respect to the care provided and are unable to provide adequate and appropriate care to the residents of the facility.

(6)     Rather than hiring and maintaining sufficient staff Separate Defendant hired too few registered nurses, too few LPNs, and too few certified nurse assistants. More importantly, too many of these staff members skipped work or terminated their employment because they did not have enough co-workers to properly care for the residents who depended upon them, or because of deplorable working conditions, or because the pay set by the nursing home with the input of the administrator was too low, or such other reasons as will be proven at trial of this matter.

22

(7)     Separate Defendant failed to develop and maintain proper working relationships between physicians, nurse practitioners and employees of the facility, and between the various departments they managed.  Vera Kolesar was injured through her failure to manage these individuals and departments in a way that they could fluidly and seamlessly work together.

(8)     Due to staff shortages at Good Samaritan, Vera Kolesar's medical records were not kept and maintained in accordance with accepted professional standards and practices. This incomplete documentation resulted in further injuries to Vera Kolesar as the facility was unable to properly understand her condition, changes that occurred in her condition, and whether or not her care plan and dietary assessments were properly modified to address changes in her condition.

(9)     Separate Defendant owed a non-delegable duty to Vera Kolesar and other residents of Good Samaritan, during her tenure as administrator, to ensure adequate and appropriate custodial care and supervision through their control over staffing issues.   A reasonably prudent nursing home administrator would have known or should have known that injuries would occur to residents such as Vera Kolesar if staffing levels were not maintained within reasonable parameters.

(10)    With respect to staffing, the failures of Separate Defendants include but are not limited to:

(a)     Ensuring that the staff provided Vera Kolesar adequate hygiene and sanitary care;

(b)     Ensuring that the staff provided Vera Kolesar clean bed linens to prevent urine and fecal contact for extended periods of time;

(c)     Providing sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified

23

nurse assistants, and medication aides (nursing personnel) to meet the total needs of Vera Kolesar throughout her residency;

(d) Ensuring that Vera Kolesar:

   i.   Received timely and accurate care assessments;
   ii.  Received prescribed treatment, medication and diet; and
   iii. Was protected from accidental or intentional injuries by the correct use of ordered and reasonable safety measures and proper supervision of staff and other residents;

(e) Providing a safe environment free from preventable abuse and neglect;

(f) Ensuring that Vera Kolesar received care, treatment and medication in accordance with physician's orders;

(g) Ensuring that Vera Kolesar was provided with the dignity and respect that all nursing home residents are entitled to receive;

(11) Adequately screen, evaluate and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Good Samaritan;

(12) Terminating employees at Good Samaritan assigned to Good Samaritan that were known (or should have been known) to be careless, incompetent and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated and adopted by the Arkansas Office of Long Term Care;

(13) Assigning nursing personnel at Good Samaritan consistent with their education and experience and based on:

24

       (a)    Vera Kolesar's medical history and condition, nursing and rehabilitative needs;

       (b)    The characteristics of the resident population residing in the area of the facility where Vera Kolesar was a resident; and

       (c)    Nursing skills needed to provide care to such resident population.

b.    Separate Defendant failed to implement adequate guidelines, policies and procedures for:

       (1)    Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at Good Samaritan by the Arkansas Office of Long Term Care or any state or federal survey agency;

       (2)    Determining the cause of any such deficiencies, violations or penalties; and

       (3)    Correcting deficiencies or licensure violations or penalties found to exist at Good Samaritan.

c.    Adopting adequate guidelines, policies, and procedures for determining whether Good Samaritan had sufficient numbers of nursing personnel to:

       (1)    Provide 24-hour nursing services;

       (2)    Meet the needs of residents who reside at the facility, including Vera Kolesar; and

       (3)    Meet the total nursing needs of residents, including their activities of daily living.

d.    Separate Defendant failed to adopt adequate guidelines, polices, and procedures of Good Samaritan for documenting; maintaining files; investigating and responding to any complaint regarding the

quality of resident care or misconduct by employees at Good Samaritan regardless of whether such complaint derived from a state survey agency, a resident of the facility, an employee of the facility or any interested person.  This failure resulted in injury, abuse and neglect to residents of the facility, including Vera Kolesar.

e.    Separate Defendant failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at Good Samaritan.

f.    Separate Defendant failed to ensure that Vera Kolesar attained and maintained her highest level of physical, mental and psychosocial well-being, and the breach of other of their non-delegable duties regarding staffing directly caused damages to Vera Kolesar.

g.    Budgeting or Allocation of Resources:

(1)    As administrator, Separate Defendant was responsible for providing accurate information regarding the monetary needs of the facility to the owners of the nursing home so that a workable budget could be set.

(2)    As administrator, Separate Defendant was required to administer Good Samaritan in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident.

(3)    As administrator, Separate Defendant was responsible for allocating funds within the budget provided by the owners of the nursing home in a manner that ensured that the needs of the residents, including Vera Kolesar, were met.

(4)    Separate Defendant failed to properly report the budgetary needs of the facility and to properly allocate the funds budgeted to the facility for the proper care of its residents, resulting in the following:

26

(a)    Staffing levels that were insufficient to attain or maintain the highest practicable physical, mental and psychosocial well-being of each residents, including Vera Kolesar, and

(b)    Shortages of supplies and food necessary to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident, including Vera Kolesar.

(5)    Upon information and belief, Plaintiff alleges that rather than properly allocating the budgeted funds, Separate Defendant inappropriately allocated or allowed funds to be paid to management companies that did not assist or even participate in managing the care provided to the residents. Rather, Separate Defendant only enhanced the profits of the home, allocated funds to employees whose only duties were non-patient oriented and to items and services that were unnecessary to achieve the proper goal of providing adequate and appropriate care to the residents.

(6)    The failure to adequately budget and allocate resources to the facility directly caused damages to Vera Kolesar.

h.    Corporate Compliance and Reporting

(1)    As administrator of Good Samaritan, Separate Defendant was responsible for ensuring that the facility complied with state and federal standards in providing care to the residents of the home. To that end, she was required to file various reports with regulatory entities.

(2)    As administrator, Separate Defendant was charged with the responsibility of reporting instances of abuse and neglect that occurred at the facility. Upon information and belief, Plaintiff alleges that her failure to properly and timely do so resulted in additional injuries to residents, including Vera Kolesar.

(3)     Upon information and belief, Plaintiff alleges that Separate Defendant failed to properly recognize and report instances of non-compliance occurring at Good Samaritan, and further failed to correct those instances. These failures to report resulted in the appearance of a facility that was properly managed and maintained.   This false and misleading appearance induced the family of Vera Kolesar to place her in the facility and misled them as to the care she would receive at the facility. Further, upon information and belief, Plaintiff alleges that because certain problems were not reported or were under-reported, the facility escaped inspections and investigations by regulatory agencies and even in-house reviews that might have corrected the deficiencies. These deficiencies that the facility experienced created a more dangerous environment in which additional injuries could occur to residents, including Vera Kolesar.

(4)     Separate Defendant was responsible for ensuring that no claims for reimbursement were submitted to the federal or state governments for services that were not provided or services provided that failed to meet required standards. Upon information and belief, Separate Defendant submitted false claims as a result of the various staffing issues listed above, resulting in unjust enrichment to the facility and a breach of Vera Kolesar's admissions agreement.

(5)     The failure to adequately comply with and report violations of state and federal standards directly caused harm to Vera Kolesar.

52.   A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Vera Kolesar.

53.   As a direct and proximate result of Separate Defendant's failure to perform the responsibilities as set forth above, Vera Kolesar suffered the injuries

28

set forth above, and also suffered extreme pain, suffering, mental anguish, embarrassment, disfigurement, fright, all of which required hospitalization and medical treatment, and all of which required Vera Kolesar to incur significant hospital and medical expenses.

54.   Based on such conduct of Defendant as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, and emotional distress in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT IV

### VIOLATIONS OF THE ARKANSAS LONG TERM CARE RESIDENT'S RIGHTS STATUTE PURSUANT TO ARK. CODE ANN. § 20-10-1201, et seq. AGAINST DEFENDANT EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY D/B/A GOOD SAMARITAN CAMPUS HOT SPRINGS

55.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

56.   Defendant Good Samaritan had a statutorily mandated responsibility to provide Vera Kolesar her nursing home resident's rights as set forth in Ark. Code Ann. § 20-10-1201, et seq.

57.    Defendant's responsibilities to Vera Kolesar, as outlined in Ark. Code Ann. § 20-10-1201, et seq., are non-delegable in that Defendant is directly liable for deprivations and infringements by any person or entity under its direct and indirect control, including its employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools, or caused by Defendant's policies, whether written or unwritten, or common practices.

58.    The duties alleged in the immediately preceding paragraph include, but are not limited to, proper training and supervision, proper hiring, background and referral checks and proper retraining and dismissing of employees, agents, consultants and independent contractors.

59.    Notwithstanding the responsibility of Defendant to provide her with these statutorily mandated nursing home resident's rights, Vera Kolesar was deprived of such rights by Defendant's failure to provide adequate and appropriate health care and protective and support services, including therapeutic and rehabilitative services consistent with her resident care plan. These failures include, but are not limited to, the following:

   a.    Failing to provide adequate and appropriate healthcare, protective and support services, thus leading to the injuries set forth herein and persistent, unresolved problems relating to the care and physical condition of Vera Kolesar, causing her needless and unnecessary pain, agony and suffering;

30

b.    Failing to provide adequate and appropriate therapeutic and rehabilitative services;

c.    Failing to provide adequate and appropriate supervision and protection to Vera Kolesar;

d.    Failing to develop, implement, and update an adequate appropriate resident care plan to meet the needs of Vera Kolesar;

e.    Failing to maintain accurate medical and/or clinical records that contain sufficient information to justify the diagnosis and treatment and to accurately document the results, including, at a minimum, documented evidence of assessments and the needs of Vera Kolesar, of an establishment of appropriate plans of care and treatment, and of the care and services provided;

f.    Failing to appropriately monitor Vera Kolesar and recognize significant signs and symptoms of change in her health condition;

g.    Failing to properly notify the attending physician of Vera Kolesar of significant changes in her physical condition;

h.    Failing to properly notify the family of Vera Kolesar of significant changes in her health status;

i.    Failing to properly supervise staff;

j.    Failing to properly train staff; and

k.    Failing to treat Vera Kolesar courteously, fairly, and with the fullest measure of dignity.

60.    As a result of the aforementioned violations, Plaintiff, pursuant to Ark. Code Ann. § 20-10-1209(a)(4), is entitled to recover actual damages in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, because the aforementioned violations are the result of

31

Defendant failing to do that which a reasonably careful person would do under circumstances similar to those shown by the evidence in this case, which caused the injuries of Vera Kolesar, as more specifically described in this Complaint.

61.    The aforementioned violations of the Arkansas Resident's Rights Statute by Defendant were willful, wanton, gross, flagrant, reckless, and conducted with conscious indifference to the rights of Vera Kolesar, and, pursuant to Ark. Code Ann. § 20-10-1209(c), Plaintiff is entitled to punitive damages.

## COUNT V

### CIVIL LIABILITY FOR CONDUCT CONSTITUTING FELONY NEGLECT OF AN ENDANGERED OR IMPAIRED ADULT AGAINST ALL DEFENDANTS

62.  As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

63.    Vera Kolesar was an endangered or impaired adult as defined by Ark. Code Ann. § 5-28-101(8)(B).

64.    Defendants were caregivers for Vera Kolesar, as defined by Ark. Code Ann. § 5-28-101(3).

32

65.   As set forth herein, Defendants negligently failed to provide necessary treatment, rehabilitation, care, food, clothing, shelter, supervision, and medical services to Vera Kolesar.

66.   As set forth herein, Defendants committed acts or omissions constituting felony conduct in negligently failing to report health problems or changes in health problems or changes in the health conditions of Vera Kolesar to the appropriate medical personnel.

67.   Defendants negligently failed to carry out the lawfully required care plan or prescribed treatment plan for Vera Kolesar.

68.   Defendants failed to provide goods and services necessary to avoid physical harm, mental anguish, or mental illness as defined in regulations promulgated by the Office of Long Term Care of the Division of Medical Services of the Department of Human Services to an adult resident of a long-term care facility.

69.   At the time of the alleged occurrences, there was in force a penal statute, Ark.Code Ann. § 5-28-103(c)(1), by which the conduct set out herein constituted felony neglect of an endangered or impaired adult by causing serious physical injury.

70.   Pursuant to Ark. Code Ann. § 16-118-107, any person injured or damaged by reason of conduct of another person that would constitute a felony

33

under Arkansas law may file a civil action to recover damages based on the conduct.

71.    The remedy provided by Ark. Code Ann. § 16-118-107 is in addition to any other remedies in law or equity.

72.    The felonious conduct as set forth herein caused the serious injuries to Vera Kolesar as described above.

73.    Aside from the compensatory damages prayed for in this Complaint, Plaintiff is entitled to recover costs and attorney's fees pursuant to Ark. Code Ann. § 16-118-107.

**COUNT VI**

**PREMISES LIABILITY AGAINST ALL DEFENDANTS**
**EXCEPT ADMINISTRATOR WHITE**

74.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

75.    Defendants, during the time they owned, operated, managed, and/or controlled Good Samaritan, had a duty to warn patrons/residents, including Plaintiff, of dangerous conditions that Defendants knew existed, or reasonably should have known existed in the exercise of reasonable care, and particularly dangerous conditions that were willfully, wantonly, and/or

34

intentionally created by Defendants, including, but not limited to, the failure to adequately staff the facility, adequately train the staff, provide adequate support for the staff, adequately budget, fund, or spend sufficient sums to provide adequate and appropriate healthcare to the residents which posed a foreseeable threat to the residents of Good Samaritan.

76.    Defendants were negligent in failing to warn residents, including Vera Kolesar, of known insufficient staffing problems occurring while Defendants owned, operated, managed, and/or controlled Good Samaritan.

77.    Defendants owed a duty to exercise reasonable care to correct dangerous conditions, including, but not limited to, the failure to adequately staff the facility, adequately train the staff, provide adequate support for the staff, adequately budget, fund, or spend sufficient sums to provide adequate and appropriate healthcare, for the safety of their residents, including  Vera Kolesar.

78.    Defendants owed a duty to the residents, including Vera Kolesar, to provide safe living conditions.

79.    Defendants having years of experience owning, operating, and/or managing nursing homes and have set in place numerous systems to provide information on occurrences, conditions, and events involving residents in Good Samaritan, which provided Defendants with the notice and knowledge of the

conditions alleged by Vera Kolesar, or reasonably should have placed Defendants on notice of said conditions.

80.   Defendants were negligent in the following acts and/or omissions:

a.   The failure to provide even the minimum number of staff necessary to assist the residents with their needs;

b.   The failure to protect Vera Kolesar from harm within the facility;

c.   The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in Vera Kolesar's condition;

d.   The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Vera Kolesar;

e.   The failure to provide a nursing staff that was properly staffed, qualified, and trained;

f.   The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

g.   The failure to ensure sufficient and appropriate supplies were available to meet the needs of the residents, including Vera Kolesar; and

h.   The failure to ensure that the facility was properly budgeted to ensure that residents' needs were met.

81.   Defendants willfully and wantonly created these dangerous conditions by their methodology of management and/or control.

82.    Not only did Defendants create these dangerous conditions that put Vera Kolesar and other residents at risk but they attempted to keep this information secreted from the public and their residents, including, but not limited to, Vera Kolesar, by means of an intentional cover-up and fraudulent documentation.

83.    Defendants failed to warn the residents, including Vera Kolesar, of these dangerous conditions created by Defendants at Good Samaritan.

84.    As a direct and proximate result of the negligence of Defendants as set out above, Vera Kolesar suffered injuries, including pressure sores, falls, and dehydration, all of which required hospitalization and medical treatment, and required Vera Kolesar to incur significant hospital and medical expenses.

85.    Based on the conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT VII

## RES IPSA LOQUITUR AGAINST ALL DEFENDANTS

37

86.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

87.   Plaintiff asserts a claim for res ipsa loquitur, under the circumstances, because of the fact that Vera Kolesar was in the exclusive control of the Defendants, and the injuries of Vera Kolesar were attributable to the environment in which she was at the time of the occurrences, which were under the exclusive control of the Defendants, and had been under the exclusive control of the Defendants without any opportunity for the environment of Vera Kolesar to have been changed after leaving the possession and control of the Defendants.

88.   That, in the normal course of events, no injury would have occurred if Defendants had used ordinary care while Vera Kolesar was in the exclusive control of the Defendants.

89.   That the Defendants, in their control of Vera Kolesar, and in the environment in which she was situated, owed Vera Kolesar a duty to use ordinary care for the safety and health and the condition of Vera Kolesar.

## COUNT VIII

## BREACH OF INFORMED CONSENT AGAINST ALL DEFENDANTS EXCEPT ADMINISTRATOR WHITE

90.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

91.   Pursuant to the authority found in <u>Aronson v. Harriman</u>, 321 Ark. 359, 901 S.W.2d 382 (1995), Plaintiff alleges that  Defendants are liable based on their breach of duty to give appropriate advice and to obtain informed consent from Plaintiff and Vera Kolesar, under the circumstances, and, therefore, Plaintiff asserts that Defendants breached their duty to provide appropriate advice and to obtain informed consent from the decedent under the circumstances.

## COUNT IX

## BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS

92.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

93.   As a resident of Defendants' facility, Vera Kolesar was particularly dependent for her daily care and well-being upon Defendants, their employees and agents. Because of the nature of this dependency and the representations of Defendants that they could and would provide necessary care, Vera Kolesar and her family held in Defendants a special confidence and trust which

Defendants accepted by admitting Vera Kolesar to their facility and by determining the level of care to be provided to Vera Kolesar.

94.   Vera Kolesar and her family relied upon the supposed superior knowledge, skill, and abilities of Defendants, that Defendants held themselves out to have. Vera Kolesar and her family also relied on Defendants to provide care for Vera Kolesar, who, because of her age and infirmities, was not able to care for herself.

95.   By virtue of the nature of the services rendered to Vera Kolesar by Defendants, and the special relationship which developed between Defendants and Vera Kolesar, as well as the huge disparity of power and unequal bargaining position existing between Defendants and Vera Kolesar, Defendants occupied a position of confidence toward Vera Kolesar which required fidelity, loyalty, good faith, and fair dealing by Defendants.

96.   Defendants breached their fiduciary duty and duty of good faith and fair dealing to Vera Kolesar by failing to provide the appropriate level of care and services to which Vera Kolesar was entitled and accepting payment for services and care not provided to Vera Kolesar, and by their concealment of and failure to disclose Defendants' abuse and neglect of Vera Kolesar.

97.   As a proximate cause of the foregoing breaches of duty by Defendants, Vera Kolesar suffered injuries as set forth above.

98.   Based on the conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.  Plaintiff also seeks the imposition of a constructive trust on all wrongful profits and proceeds arising out of Defendants' breach of fiduciary duty to Vera Kolesar.

## COUNT X

## BREACH OF CONTRACT AGAINST ALL DEFENDANTS

99.   As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

100.  Plaintiff seeks contractual damages for breach of contract, including restitution of all sums paid by each class member or paid on their behalf, compensation for all consequential damages reasonably foreseeable from Defendants' breach of the agreements, and punitive damages.

101.  Upon becoming a resident at Good Samaritan, Vera Kolesar entered into an express or implied contract whereby, for consideration duly paid by her, or on her behalf, Defendants were to provide her with all services during her

41

residency, including, but not limited to, dietary, nursing, housekeeping, laundry, and social activities.  Pursuant to such contract, Vera Kolesar was entrusted to the Defendants' sole custody and care.

102.  As a proximate consequence of the aforementioned acts, omissions and failures, Defendants breached the terms of the agreement, and Plaintiff suffered damages as set forth herein.

103.  Plaintiff is entitled to attorneys' fees as provided by Ark. Code Ann. §16-22-308.

104.  As a direct and proximate result of Defendants' breach of contract, Plaintiff asserts a claim for judgment for all compensatory damages including the amount a jury determines is sufficient compensation to provide them Plaintiff the benefit of the bargain promised by Defendants plus attorneys' fees, costs, and all other relief to which Plaintiff is entitled by law.

## COUNT XI

### VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT AGAINST ALL DEFENDANTS

105.  As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this count.

106. Defendants failed to inform Vera Kolesar and her family about staffing problems, survey deficiency history, and history of other instances of poor or inadequate resident care at the time of her admission to Good Samaritan. In particular, Defendants specifically failed to inform Vera Kolesar and her family that Good Samaritan was regularly short of staff such that the needs of the residents could not be met as required by applicable state and federal regulations. Thus, in connection with the sale or advertisement of their services, Defendants concealed, suppressed, or omitted material facts with the intent that others rely upon that concealment, suppression, or omission in violation of Ark. Code Ann. § 4-88-108.

107. Defendants knowingly made false representations as to the benefits and characteristics of their services, advertised their goods with the intent not to sell them as advertised, knowingly took advantage of consumers that were unable to protect their interests because of physical infirmities, and engaged in other unconscionable, false, and deceptive acts or practices, all in violation of Ark. Code Ann. § 4-88-107.

108. At the time of Defendants' violations of the Arkansas Deceptive Trade Practices Act, Vera Kolesar was both an elder person and a disabled person as defined by Ark. Code Ann. § 4-88-201.

43

109. Vera Kolesar suffered numerous actual damages and injuries as summarized throughout this Complaint as a result of Defendants' violations of the Arkansas Deceptive Trade Practices Act enumerated above.

110. Plaintiff seeks all actual damages for all injuries caused by Defendants' violations of the Arkansas Deceptive Trade Practices Act, as provided by Ark. Code Ann. § 4-88-113(f). Further, Plaintiff seeks punitive damages as provided by Ark. Code Ann. § 4-88-204, as well as all reasonable attorney's fees incurred in the prosecution of this action as provided by Ark. Code Ann. §§ 4-88-113(f) and 4-88-204.

## CONSTITUTIONAL OBJECTIONS TO THE APPLICABILITY OF ACT 649 OF 2003

111. In the 2003 Session of the Arkansas General Assembly, the legislature passed an act entitled The Civil Justice Reform Act of 2003 ("the Act"), which was signed by the Governor and became effective on or about March 27, 2003, and is codified presently at Ark. Code Ann. 1655-201, et seq.

112. The Act obviously violates Article 5, § 32 of the Arkansas State Constitution, which plainly prohibits legislative limitations on recoveries, and Article 4, §§ 1 and 2 of that Constitution, which prohibit legislative incursions on judicial power. Additionally, the Act violates the constitutional scheme that formally worked to limit governmental incursion on common law rights and

limited legislative power to assist special interests. This scheme is embodied in provisions in article 2, §§ 4, 13, and 21, recognizing the right to petition the government for redress; article 2, § 13, guaranteeing the right of every injured person to a remedy; article 2, § 7, prescribing a right to a jury trial which "shall remain inviolate"; article 2, §§ 13 and 21, mandating due process and application of the law of the land; article 2, §§ 3, 18, and 21, recognizing that all citizens shall receive equal treatment; and the related article 5, § 25, limiting unequal treatment to times when it is justified, requiring "that where a general law can be made applicable, no special law shall be enacted."

113. Act 649 of 2003 provides various onerous and burdensome provisions, which include, but are not limited to, limitations on the amount of punitive damages, provisions creating "phantom defendants," the abrogation of traditional rights to plead joint and several liability, and joint and several liability, to name a few. It is the position of the Plaintiff that the Act is unconstitutional, and the fact that Plaintiff has attempted to comply with some of its provisions in order to not delay the proceedings herein are not to be construed as a wavier thereof.

114. In the event that it is alleged that Plaintiff has not complied with any provision of Act 649, Plaintiff prays for a declaratory judgment that the Act is itself unconstitutional, in whole or in applicable parts.

45

## PRAYER FOR RELIEF

115.  Plaintiff asks for damages requested herein, in the various causes of action asserted herein, together with the damages, recited previously, pursuant to the provisions of Ark. R. Civ. P. 10(c).

116.  Plaintiff is suing for the following elements of damage, and asks for damages because of the injuries sustained by Vera Kolesar entitled to be recovered in this personal injury claim, as well as for the mental anguish experienced and suffered by Vera Kolesar and other pecuniary injuries and damages.

117. Plaintiff makes a demand against the Defendants, jointly and severally, for a sum in excess of the minimum jurisdictional requirements for federal court, together with costs and all other relief to which the Plaintiff may be entitled, including attorneys' fees for the breach of contract under the causes of action asserted herein, together with a judgment for compensatory and punitive damages, in an amount to be determined by the jury, but, in any event, compensatory and punitive damages, that are in excess of the amount required for federal court jurisdiction, together with the costs and all other expenses of the prosecution of this action, and for all other appropriate relief under the circumstances.

## JURY DEMAND

118. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

**ROBERT KOLESAR, AS ATTORNEY-IN-FACT FOR VERA KOLESAR, PLAINTIFF**

By: _____

**DAVID A. HODGES**
**Attorney at Law**
**212 Center Street, Fifth Floor**
**Little Rock, AR 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: 501-374-2400**
**Facsimile:   501-374-8926**
**E-Mail: david@hodgeslaw.com**

FILED
SALINE COUNTY
CIRCUIT CLERK

IN THE CIRCUIT COURT OF _____CIRCUIT_____ COUNTY, ARKANSAS PM 3: 57

BY: _____

63CV-11-887-3

## NOTICE OF RIGHT TO CONSENT

## TO DISPOSITION OF CASE BY A PILOT STATE DISTRICT COURT JUDGE

In accordance with the provisions of Act 663 of 2007 and Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a Pilot State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a Pilot State District Court Judge is entirely voluntary, **and by consenting to the reference of this matter to a Pilot State District Court Judge, the parties waive their right to a jury trial and a verbatim record of the proceedings,** and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- **CONSENT TO PROCEED BEFORE A PILOT STATE DISTRICT COURT JUDGE** -- and return to the Circuit Clerk.

# David A. Hodges
**Attorney at Law**
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

FILED
SALINE COUNTY
CIRCUIT CLERK

2011 NOV 21  PM 3: 41

BY:

Telephone:    501-374-2400
Facsimile:    501-374-8926
Toll Free:    1-800-642-8082

Website: www.hodgeslaw.com
Writer's e-mail:
david@hodgeslaw.com

November 21, 2011

**Via Hand Delivery**

63CV-11-887-3

Mr. Dennis Milligan
Circuit Clerk
Saline County Courthouse
200 N. Main Street, Room 113
Benton, AR 72015

> Re:   Robert Kolesar, as Attorney-in-Fact for Vera Kolesar v.
>       Evangelical Lutheran Good Samaritan Society, et al.
>       Saline County Circuit No. CV-2010-997-2

Dear Dennis:

I enclose an original and one copy of a Complaint.  I enclose an Affidavit as to Unknown Tortfeasors.

I enclose an information sheet. I enclose a check for the filing fee.

Please file the originals and return a file marked copy of all documents to the courier.

With warmest and best personal regards, I am,

Sincerely yours,

*Dictated by David Hodges*

DAVID HODGES

DH/psf/107

Enclosures

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

ROBERT KOLESAR, AS ATTORNEY
IN FACT FOR VERA KOLESAR

FILED
SALINE COUNTY
CIRCUIT CLERK

2011 NOV 21  PM 3: 42

BY: ____  PLAINTIFF

VS.                    NO. 63CV-11-887-3

EVANGELICAL LUTHERAN GOOD SAMARITAN
SOCIETY; EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, D/B/A GOOD SAMARITAN
CAMPUS HOT SPRINGS; GOOD SAMARITAN INSURANCE
COMPANY, LTD.; CORRINE WHITE, IN HER CAPACITY AS
ADMINISTRATOR OF GOOD SAMARITAN SOCIETY - HOT
SPRINGS VILLAGE; JOHN DOE I; JOHN DOE II;
JOHN DOE III; JOHN DOE I; and JOHN DOE V             DEFENDANTS

## AFFIDAVIT AS TO UNKNOWN TORTFEASORS

STATE OF ARKANSAS §
                  §
COUNTY OF PULASKI §

I am David Hodges, attorney for the plaintiff.  Pursuant to Ark. Code

Ann. § 16-56-125, the Complaint alleges a cause of action against five (5)

unknown tortfeasors as John Does I - V.

The identity of the other tortfeasors is unknown and, therefore, under

the provisions of Ark. Code Ann. § 16-56-125 (1989), the plaintiffs reserve

the right to file a Complaint against unknown tortfeasors when their identity

is determined.

_____

DAVID HODGES

63CV-11-887      631-63100000063-017
ROBERT KOLESAR AIF VERA KOLE 2 Pages
SALINE CO          11/21/2011 01:42 PM
CIRCUIT COURT                    FI10

## VERIFICATION

**STATE OF ARKANSAS** §
§   **SS**
**COUNTY OF PULASKI** §

On this day personally appeared before me David Hodges and states

that the above and foregoing is true and correct to the best of his knowledge

and belief.

WITNESS MY HAND and official seal this 21st day of November, 2011.

_Charla K. Bryant_
NOTARY PUBLIC

My Commission Expires:

_5-26-2013_

Charla K. Bryant
County of Saline
Notary Public - Arkansas
My Commission Exp. 05/26/2013

(Seal)

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

### SUMMONS

Plaintiff: **ROBERT KOLESAR, AS**
 **ATTORNEY-IN-FACT FOR VERA KOLESAR**

vs.                                                    **Case No.: 63CV-11-887-3**

Defendant: **EVANGELICAL LUTHERAN GOOD**
**SAMARITAN SOCIETY, ET AL.**

Plaintiff's attorney:        David A. Hodges, Attorney at Law, 212 Center St., 5th Floor,
                        Little Rock, Arkansas 72201, Telephone: 501-374-2400

THE STATE OF ARKANSAS TO DEFENDANT:        **CORRINNE WHITE, IN HER CAPACITY**
**AS ADMINISTRATOR OF GOOD**
**SAMARITAN SOCIETY – HOT SPRINGS**
**VILLAGE**

### NOTICE

1.     You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.     The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B.     It must be filed in the court clerk's office within __30__ days from the day you were served with this summons.

3.     If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

   4. Additional notices:

   Witness my hand and the seal of the court this __1__ day of __Dec__, 2011.

Address of Clerk's Office: *Dennis Milligan*  By: _____
                                                      Clerk

Dennis Milligan, Circuit Clerk
113 Courthouse
200 N Main Street
Benton, AR 72015



```
63CV-11-887      631-63100000091-001
ROBERT KOLESAR AIF VERA KOLE 8 Pages
SALINE CO          12/01/2011 08:13 AM
CIRCUIT COURT                      SS50
```

**RETURN OF SERVICE**

State of Arkansas     )

                     ) ss.

County of Pulaski     )

On this _____ day of _____, 20_____, at

_____ o'clock _____.M., I have duly served the Summons by delivering a copy thereof (or

stating the substance thereof), together with a copy of the Complaint, to

_____ such person being:

_____       the person named therein as defendant

_____       some person residing at defendant's dwelling house or usual place of abode
                          who is at least 14 years old, namely _____

_____       the duly designated agent for service of process for the defendant,
                          namely the

_____       OTHER: _____

By: _____
                          Process Server

Subscribed and sworn to before me this _____ day of _____, 2011.

_____
                          Notary Public

My Commission Expires:

_____

      (Seal)

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

## SUMMONS

Plaintiff: **ROBERT KOLESAR, AS ATTORNEY-IN-FACT FOR VERA KOLESAR**

vs.                                                        **Case No.: 63CV-11-887-3**

Defendant: **EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, ET AL.**

Plaintiff's attorney:       David A. Hodges, Attorney at Law, 212 Center St., 5th Floor, Little Rock, Arkansas 72201, Telephone: 501-374-2400

THE STATE OF ARKANSAS TO DEFENDANT:       **GOOD SAMARITAN SOCIETY INSURANCE, LTD.**

NOTICE

1.       You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.       The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B.       It must be filed in the court clerk's office within ___30___ days from the day you were served with this summons.

3.       If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

   4. Additional notices:

Witness my hand and the seal of the court this ___1___ day of ___Dec___, 2011.

Address of Clerk's Office:       By: _____
                                        Clerk

Doug Kidd, Circuit Clerk
113 Courthouse
200 N Main Street
Benton, AR 72015

[SEAL]

**RETURN OF SERVICE**

State of Arkansas    )
                      ) ss.
County of Pulaski    )

On this _____ day of _____, 20_____, at

_____ o'clock \_\_\_\_\_.M., I have duly served the Summons by delivering a copy thereof (or

stating the substance thereof), together with a copy of the Complaint, to

_____ such person being:

_____      the person named therein as defendant

_____      some person residing at defendant's dwelling house or usual place of abode
who is at least 14 years old, namely _____

_____      the duly designated agent for service of process for the defendant,
namely the

_____      OTHER: _____

By: _____
                               Process Server

Subscribed and sworn to before me this _____ day of _____, 2011.

_____
                        Notary Public

My Commission Expires:

_____
       (Seal)

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

### SUMMONS

Plaintiff: **ROBERT KOLESAR, AS
ATTORNEY-IN-FACT FOR VERA KOLESAR**

vs.                                                    **Case No.: 63CV-11-887-3**

Defendant: **EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, ET AL.**

Plaintiff's attorney:      David A. Hodges, Attorney at Law, 212 Center St., 5th Floor,
Little Rock, Arkansas 72201, Telephone: 501-374-2400

THE STATE OF ARKANSAS TO DEFENDANT:      **EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY d/b/a GOOD
SAMARITAN CAMPUS HOT SPRINGS**

### NOTICE

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.

2.      The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B.      It must be filed in the court clerk's office within __30__ days from the day you were served with this summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

   4. Additional notices:

   Witness my hand and the seal of the court this ___1___ day of ___Dec___, 2011.

Address of Clerk's Office: _Dennis Milligan_ By: _____
                                                    Clerk

Dennis Milligan, Circuit Clerk
113 Courthouse
200 N Main Street
Benton, AR 72015

[SEAL]

**RETURN OF SERVICE**

State of Arkansas    )
                     ) ss.
County of Pulaski    )

On this _____ day of _____, 20_____, at

_____ o'clock _____.M., I have duly served the Summons by delivering a copy thereof (or

stating the substance thereof), together with a copy of the Complaint, to

_____ such person being:

_____    the person named therein as defendant

_____    some person residing at defendant's dwelling house or usual place of abode
                  who is at least 14 years old, namely _____

_____    the duly designated agent for service of process for the defendant,
                  namely the

_____    OTHER: _____

By: _____
                      Process Server

Subscribed and sworn to before me this _____ day of _____, 2011.

_____
                     Notary Public

My Commission Expires:

_____
    (Seal)

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

## SUMMONS

Plaintiff: **ROBERT KOLESAR, AS**
**ATTORNEY-IN-FACT FOR VERA KOLESAR**

vs.                                                      **Case No.: 63CV-11-887-3**

Defendant: **EVANGELICAL LUTHERAN GOOD**
**SAMARITAN SOCIETY, ET AL.**

Plaintiff's attorney:          David A. Hodges, Attorney at Law, 212 Center St., 5th Floor,
                               Little Rock, Arkansas 72201, Telephone: 501-374-2400

THE STATE OF ARKANSAS TO DEFENDANT:     **EVANGELICAL LUTHERAN GOOD**
                                        **SAMARITAN SOCIETY**

### NOTICE

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked is stated
        in the attached complaint.

2.      The attached complaint will be considered admitted by you and a judgment by default may
        be entered against you for the relief asked in the complaint unless you file a pleading and
        thereafter appear and present your defense. Your pleading or answer must meet the
        following requirements:

        A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

        B.      It must be filed in the court clerk's office within ___30___ days from the day you were
                served with this summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney
        so that an answer can be filed for you within the time allowed.

   4. Additional notices:

Witness my hand and the seal of the court this ____ day of _Dec_____, 2011.

Address of Clerk's Officer: _Dennis Milligan_   By: _____
                                                        Clerk

Dennis Milligan, Circuit Clerk
113 Courthouse
200 N Main Street
Benton, AR 72015

                                                [SEAL]

**RETURN OF SERVICE**

State of Arkansas        )
                         ) ss.
County of Pulaski        )

On this _____ day of _____ , 20_____ , at

_____ o'clock \_\_\_\_\_.M., I have duly served the Summons by delivering a copy thereof (or

stating the substance thereof), together with a copy of the Complaint, to

_____ such person being:

_____        the person named therein as defendant

_____        some person residing at defendant's dwelling house or usual place of abode
                  who is at least 14 years old, namely _____

_____        the duly designated agent for service of process for the defendant,
                  namely the

_____        OTHER: _____

                                    By: _____
                                            Process Server

Subscribed and sworn to before me this _____ day of _____ , 2011.

                                    _____
                                            Notary Public

My Commission Expires:

_____
        (Seal)

**David A. Hodges**
Attorney at Law
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

*FILED*
*SALINE COUNTY*
*CIRCUIT CLERK*
*2011 DEC -1 AM 11: 48*
BY:_____

Telephone:   501-374-2400
Facsimile:    501-374-8926
Toll Free:    1-800-642-8082

Website: www.hodgeslaw.com
Writer's e-mail:
david@hodgeslaw.com

November 30, 2011

**Via Federal Express**

Mr. Dennis Milligan
Circuit Clerk
Saline County Courthouse
200 N. Main Street, Room 113
Benton, AR 72015

Re:   Robert Kolesar, as Attorney-in-Fact for Vera Kolesar v.
Evangelical Lutheran Good Samaritan Society, et al.
Saline County Circuit No. 63CV-11-887-3

Dear Dennis:

I enclose an original and one copy of Summons for the defendants named in the above referenced case. Please certify these Summons returning them to my office in the self-addressed stamped envelope.

Please feel free to contact my office if you have any questions.

With warmest and best personal regards, I am,

Sincerely yours,

*Dictated by David Hodges*

DAVID HODGES

DH/vs/107
Enclosures

# David A. Hodges
**Attorney at Law**
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

Telephone:   501-374-2400
Facsimile:    501-374-8926
Toll Free:     1-800-642-8082

Website: www.hodgeslaw.com
Writer's e-mail:
victoria@hodgeslaw.com

November 30, 2011

FILED
SALINE COUNTY
CIRCUIT C...
2011 DEC -2 AM 9:09
BY _____

**Via Federal Express**

Mr. Dennis Milligan
Circuit Clerk
Saline County Courthouse
200 N. Main Street, Room 113
Benton, AR 72015

Re:   Robert Kolesar, as Attorney-in-Fact for Vera Kolesar v.
      Evangelical Lutheran Good Samaritan Society, et al.
      Saline County Circuit No. 63CV-11-887-3

Dear Dennis:

Enclosed is our firm check in the amount of $25.00 to cover the costs for the certification of the five summons sent to you under separate cover, via Federal Express regarding the above referenced case.

Should you have any questions, or need additional information, please feel free to contact me.  I appreciate your assistance in this matter.

With warmest and best personal regards, I am,

Sincerely yours,

VICTORIA SANTOS
Paralegal to David Hodges

vs/107
Enclosure

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

FILED
SALINE COUNTY
CIRCUIT CLERK

**SUMMONS**

2011 DEC 13 AM 8: 23

BY: _____

Plaintiff: **ROBERT KOLESAR, AS**
**ATTORNEY-IN-FACT FOR VERA KOLESAR**

vs.

**Case No.: 63CV-11-887-3**

Defendant: **EVANGELICAL LUTHERAN GOOD**
**SAMARITAN SOCIETY, ET AL.**

Plaintiff's attorney:    David A. Hodges, Attorney at Law, 212 Center St., 5th Floor,
Little Rock, Arkansas 72201, Telephone: 501-374-2400

THE STATE OF ARKANSAS TO DEFENDANT:    **EVANGELICAL LUTHERAN GOOD**
**SAMARITAN SOCIETY**

NOTICE

1.    You are hereby notified that a lawsuit has been filed against you; the relief asked is stated
in the attached complaint.

2.    The attached complaint will be considered admitted by you and a judgment by default may
be entered against you for the relief asked in the complaint unless you file a pleading and
thereafter appear and present your defense. Your pleading or answer must meet the
following requirements:

A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

B.    It must be filed in the court clerk's office within ___30___ days from the day you were
served with this summons.

3.    If you desire to be represented by an attorney you should immediately contact your attorney
so that an answer can be filed for you within the time allowed.

4. Additional notices:

Witness my hand and the seal of the court this _____ day of _Dec_____, 2011.

Address of Clerk's Office: _Dennis Milligan_ By: _____
                                                    Clerk

Dennis Milligan, Circuit Clerk
113 Courthouse
200 N Main Street
Benton, AR 72015

63CV-11-887      631-63100000124-021
ROBERT KOLESAR AIF VERA KOLE 5 Pages
SALINE CO      12/13/2011 08:23 AM
CIRCUIT COURT                    SS30

**RETURN OF SERVICE**

State of Arkansas )
                ) ss.
County of Pulaski )

On this _7th_ day of _December_, 20 _11_, at

_1:31_ o'clock _P_.M., I have duly served the Summons by delivering a copy thereof (or

stating the substance thereof), together with a copy of the Complaint, to

__Karen Moore__ such person being:

_____ the person named therein as defendant

_____ some person residing at defendant's dwelling house or usual place of abode
who is at least 14 years old, namely _____

___✓___ the duly designated agent for service of process for the defendant,
namely the _Corporation Company, 124 W. Capitol, Ste. 1900,
Little Rock, AR 72201_

_____ OTHER: _____

By: _Mike Ischreim_
Process Server

Subscribed and sworn to before me this _8_ day of _Dec_, 2011.

PAM TSCHIEMER
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires January 03, 2020
Commission No. 12374452

_Pam Tschiem_
Notary Public

My Commission Expires:

_1 - 3 - 20_
(Seal)

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

FILED
SALINE COUNTY
CIRCUIT CLERK
2011 DEC 13  AM 8: 23
BY: _____

**SUMMONS**

Plaintiff: **ROBERT KOLESAR, AS**
**ATTORNEY-IN-FACT FOR VERA KOLESAR**

VS.                                          **Case No.: 63CV-11-887-3**

Defendant: **EVANGELICAL LUTHERAN GOOD**
**SAMARITAN SOCIETY, ET AL.**

Plaintiff's attorney:       David A. Hodges, Attorney at Law, 212 Center St., 5th Floor,
                            Little Rock, Arkansas 72201, Telephone: 501-374-2400

THE STATE OF ARKANSAS TO DEFENDANT:       **EVANGELICAL LUTHERAN GOOD**
                                          **SAMARITAN SOCIETY d/b/a GOOD**
                                          **SAMARITAN CAMPUS HOT SPRINGS**

NOTICE

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked is stated
        in the attached complaint.

2.      The attached complaint will be considered admitted by you and a judgment by default may
        be entered against you for the relief asked in the complaint unless you file a pleading and
        thereafter appear and present your defense. Your pleading or answer must meet the
        following requirements:

        A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

        B.      It must be filed in the court clerk's office within __30__ days from the day you were
                served with this summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney
        so that an answer can be filed for you within the time allowed.

  4. Additional notices:

Witness my hand and the seal of the court this ___ day of ___Dec___, 2011.

Address of Clerk's Office _____ By: _____
                                            Clerk

Dennis Milligan, Circuit Clerk
113 Courthouse
200 N Main Street
Benton, AR 72015

**RETURN OF SERVICE**

State of Arkansas      )
                       ) ss.
County of Pulaski      )

On this ___7th___ day of ___December_____, 20 _11_, at

__1:31__ o'clock __P__.M., I have duly served the Summons by delivering a copy thereof (or

stating the substance thereof), together with a copy of the Complaint, to

_____Karen Moore_____ such person being:

_____ the person named therein as defendant

_____ some person residing at defendant's dwelling house or usual place of abode
who is at least 14 years old, namely _____

___✓_____ the duly designated agent for service of process for the defendant,
namely the *Corporation Company, 124 W. Capitol, Ste. 1900,*
*Little Rock, AR 72201*

_____ OTHER: _____

By: _____Mike Tschiemer_____
Process Server

Subscribed and sworn to before me this __8__ day of __Dec_____, 2011.

> PAM TSCHIEMER
> PULASKI COUNTY
> NOTARY PUBLIC - ARKANSAS
> My Commission Expires January 03, 2020
> Commission No. 12374452

_____Pam Tschiemer_____
Notary Public

My Commission Expires:

__1-3-20_____
(Seal)

# David A. Hodges

**Attorney at Law**

Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

Telephone:  501-374-2400
Facsimile:  501-374-8926
Toll Free:  1-800-642-8082

Website: www.hodgeslaw.com
Writer's e-mail:
david@hodgeslaw.com

December 9, 2011

Mr. Dennis Milligan
Circuit Clerk
Saline County Courthouse
200 N. Main Street, Room 113
Benton, AR 72015

FILED
SALINE COUNTY
CIRCUIT CLERK
2011 DEC 13   AM 8: 23
BY:

     Re:   Robert Kolesar, as Attorney-in-Fact for Vera Kolesar v.
          Evangelical Lutheran Good Samaritan Society, et al.
          Saline County Circuit No. 63CV-11-887-3

Dear Dennis:

     I enclose an original and one copy of the two Summons as follows, viz:

     1.    Evangelical Lutheran Good Samaritan Society.
     2.    Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs.

     Please file the original and return the filed copy to my office in the self-addressed stamped envelope.

     With warmest and best personal regards, and a Merry Christmas and Happy and prosperous New Year, I am,

          Sincerely yours,

          *Dictated by David Hodges*

          DAVID HODGES

DH/psf/107

Enclosures

# ARKANSAS INSURANCE DEPARTMENT
## 1200 West Third Street
## Little Rock, Arkansas 72201-1904

**TO:   Good Samaritan Society Insurance, LTD.**

Enclosed please find process Summons/Complaint/Amended Complaint, served on me the 20th Day of December 2011.

**Robert Kolesar,**
**As Attorney-In-Fact For Vera Kolesar**

                                                **PLAINTIFFS**

    **Vs.**                  **CASE NO. CV 63CV-11-887-3**

**Evangelical Lutheran Good Samaritan Society, Et al.**

                                  **DEFENDANTS**

Filed in the State of Arkansas, in the Circuit Court of Saline County, on the 1st day of December 2011.

You must file a response therein within thirty (30) days after the date upon which service is perfected. Service shall be perfected at the earliest of: (1) the date the insurer or the registered or the statutory agent receives it in the mail; (2) the date on the return receipt, if signed on behalf of the insurer.

Please acknowledge receipt hereof by return mail.

Yours very truly,

*Jay Bradford*

Jay Bradford/cta

Filed and received on the 20th
Day of December 2011
Mailed this 21st day of December 2011
by CERTIFIED MAIL, RETURN RECEIPT
REQUESTED # 7009 1680 0002 2603 8570

TO:   Good Samaritan Insurance Company, Ltd.
      c/o Jennifer Burchardt
      Aon Insurance Managers (Cayman) Ltd.
      P.O. Box 69GT
      Buckingham Square, 2nd Floor
      720 Wet Bay Road
      Grand Cayman, Cayman Islands



63CV-11-887    631-63100000155-051
ROBERT KOLESAR AIF VERA KOLES 1 Page
SALINE CO    12/22/2011 11:23 AM
CIRCUIT COURT                F173T