IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT KOLESAR as attorney-in-fact for and on behalf of Vera Kolesar | * * * | |
| Plaintiff | * * | |
| V. | * * | NO: 4:11CV00915 SWW |
| EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, ET AL. | * * * | |
| Defendants | * * * | |

## ORDER

Plaintiff Robert Kolesar commenced this action in state court, and defendants removed the case, claiming federal subject matter jurisdiction based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  Before the Court is plaintiff's motion to remand (docket entries #6, #7) and defendants' response in opposition (docket entries #11, #12).  After careful consideration, and for reasons that follow, the motion to remand will be denied.

On November 21, 2011, plaintiff filed this action in state court, seeking compensatory and punitive damages for injuries allegedly suffered by his wife, Vera Kolesar, during her stay at Good Samaritan Campus in Hot Springs ("Good Samaritan Campus").  Plaintiff names defendants Evangelical Lutheran Good Samaritan Society; Evangelical Lutheran Good

1

Samaritan Society d/b/a Good Samaritan Society–Hot Springs Village; Good Samaritan Society Insurance Co., Ltd.; Corrine White ("White"); and John Does 1 through 5, claiming that Defendants breached contractual and statutory duties, as well as the duties to exercise ordinary care.

On December 29, 2011, Evangelical Lutheran Good Samaritan Society and Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society–Hot Springs Village removed the case, alleging that the Court has subject mater jurisdiction based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Docket entry #1, Notice of Removal, ¶ 9. Plaintiff moves for remand, asserting that (1) separate defendants White and Good Samaritan Society Ins., Ltd. did not join the notice of removal and (2) the removing defendants have failed to demonstrate diversity of citizenship between the parties.

Rule of Unanimity

"Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446. Where there are multiple defendants, all must join in a petition to remove within thirty days of service." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir.2002)(citation omitted). However, the Eighth Circuit has held that each defendant, upon formal service of process, has thirty days in which to file a notice of removal pursuant to § 1446. *See Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). Additionally, it is not necessary that each defendant sign the notice of removal, provided there is "some timely filed written indication from each served defendant . . . . " *Pritchett v. Cottrell, Inc*., 512 F.3d 1057, 1062 (8th Cir. 2008).

Here, Plaintiff served White a copy of the complaint and summons on January 3, 2012,

*see* docket entry #6, Ex. A, and on January 30, 2012, White filed timely notice that she joined the notice of removal.  *See* docket entry #10.  Furthermore, Plaintiff has yet to serve Good Samaritan Society Insurance, Ltd.,[1] and the consent of unserved defendants is not required under § 1446. *See* docket entry #6, ¶ 6.   Accordingly, the Court finds that removal in this case does not contravene the rule of unanimity.

Diversity of Citizenship

Plaintiff further argues that remand is required because Defendants have failed to demonstrate the domicile of separate defendant White  and thus have failed to show that diversity of citizenship exists between the parties.

Because Defendants removed this case to federal court, they bear the burden of proving jurisdiction by a preponderance of the evidence.  *Altimore v. Mount Mercy College,*  420 F.3d 763, 768 -769 (8th Cir. 2005)(citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990)).

---

[1] In the complaint, Plaintiff identifies Defendant Good Samaritan Society Insurance, Ltd., as a foreign corporation with its principal place of business on Grand Cayman, Cayman Islands.  In his motion for remand, Plaintiff alleges that "to his knowledge" Good Samaritan Society Insurance, Ltd. has not yet been served.  *See* docket entry #6, ¶ 6.  Plaintiff states that, pursuant to Ark. Code Ann. § 23-65-203, he delivered copies of the complaint and summons to the Arkansas Insurance Commissioner.  Plaintiff also states that on December 16, 2011, he mailed by international registered mail, return receipt requested, a copy of the summons and complaint to Good Samaritan Society Insurance, Ltd. to the following recipient and address:

> Ms. Jennifer Burhardt
> Aon Insurance Managers (Cayman)
> Post Office Box 69 GT
> Buckingham Square
> 720 West Bay Road
> Grand Cayman, Cayman Islands

Plaintiff further states, "No return receipt was ever received by Plaintiff."  *Id*.

In the case of a removed action, diversity of citizenship between the parties must exist when the state complaint is filed and when the notice of removal is filed. *See Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001)(citing 28 U.S.C. § 1447(e) and *Koenigsberger v. Richmond Silver Mining Co.*, 158 U.S. 41, 49-50, 15 S. Ct. 751 (1895)). "The legal standard to determine citizenship is straightforward. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely. Once an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship." *Altimore,* 420 F.3d at 769 (citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990)).

"A long-established rule states that "[i]t is sufficient to support the jurisdiction of a federal court that the facts requisite to confer it appear in any part of the record, or are the necessary consequences of the facts stated in the pleadings or the findings of the court." *Yeldell v. Tutt*, 913 F.2d 533, 538 (8th Cir. 1990)(quoting *Myers v. Hettinger*, 94 F. 370, 372 (8th Cir. 1899)). Here, neither the complaint filed in state court nor Plaintiff's motion to dismiss offer any information regarding the citizenship of any party. However, the notice of removal states that "upon information and belief" at the time of the commencement of this action, and through the time of removal, Plaintiff was domiciled in and a citizen of the State of Texas, and White was not domiciled in Arkansas.[2] Further, White's answer and her written consent to join the notice

---

[2]Regarding other named defendants, the notice of removal provides that Evangelical Lutheran Good Samaritan Society is a not-for-profit North Dakota corporation with a principal place of business and domicile in South Dakota, that "Good Samaritan Society–Hot Springs Village" is a fictitious business name for Evangelical Lutheran Good Samaritan Society and should be disregarded, and that Good Samaritan Society Insurance, Ltd. is not domiciled in Arkansas. See docket entry #1, ¶¶ 3, 4, 6. As noted in the notice of removal, the citizenship of defendants sued under fictitious names are disregarded in determining whether a civil action is

of removal state that at the time of commencement of this action, and through the time she joined the notice of removal, she was a citizen of North Dakota and maintained permanent domicile in North Dakota.  Plaintiff does not deny defendants' averments regarding the citizenship of Plaintiff and White; he merely argues that defendants have "failed to demonstrate the domicile of Corrine White."  Docket entry #7, at 8.  Considering defendants' averments in the notice of removal and White's answer and written notice joining the notice of removal, the Court finds that defendants have met their burden to show diversity of citizenship between the parties.

      IT IS THEREFORE ORDERED THAT Plaintiff's motion for remand (docket entry #6 ) is DENIED.

      IT IS SO ORDERED THIS 30TH DAY OF APRIL, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

properly removed under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b)(1).